IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

Dzevad Hurem )
)
vs )
)
) Case No: 11 C 1418
Quadri et al )
)
) Judge: Arlander Keys

**ORDER**

By order dated 10/4/2013, after three extensions of time at the request of Plaintiff, the Court set a deadline of 11/5/2013 for the parties to submit the final pre-trial order, including motions in limine and responses thereto. Defendants submitted their motions in limine, to which Plaintioff has not responded as of this date. Plaintiff has not submitted his motions in limine , although the Court notes that in the final pre-trial order, Plaintiff purports to move that certain evidence be excluded,but no reasons are given for its exclusion. Because no such motions have been filed, Defendants are unable to respond to them. The Court will make its rulings based on the record as it now stands.'

Defendants' Motion in Limine No. 1 seeks to bar evidence, testimony or argument regarding Plaintiff's heart condition. It appears that Plaintiff has a long history of problems with his heart and that Plaintiff intends to argue that his heart attack, which he suffered shortly after the alleged use of excessive force by Officer Bedia, was caused by the alleged use of excessive force. During discovery, no expert witness was deposed and, according to Defendants' motion, to which no response was filed, plaintiff's treating physician does not believe that Plaintiff's subsequent heart attack was caused by any trauma. Therefore, for the reasons set forth in Defendants' motion, Plaintiff is hereby barred from introducing evidence or argument regarding Plaintiff's heart condition. The motion is GRANTED.

Defendants' Motion in Limine No. 2 seeks to bar evidence or argument regarding a visit to the apartment where Plaintiff was living, and where the alleged excessive force took place, by other police officers two days prior to the incident. It appears that officers other than officer Bedia responded to a call by the property owners two days earlier regarding Plaintiff but that they did not arrest him. Because this case involves only the issue of

whether officer Bedia used excessive force against Plaintiff and not whether he was lawfully arrested, the Court cannot see the relevance of what occurred two days earlier. Also irrelevant is whether someone assisted the landlord in removing or destroying Plaintiff's property or that the landlord was not charged for allegedly doing so. To be clear, this trial will focus on the limited issue as to whether the force used by officer Bedia, in the circumstances of this case, was reasonable.   It does not involve any actions or inactions by any other police officers.   Motion in Limine N0. 2 is GRANTED.

**Motion in Limine No. 3** seeks to bar evidence and argument regarding Plaintiff's life is Serbia and his life in a Serbian Concentration Camp.   Such evidence is clearly irrelevant.   The unopposed motion is GRANTED.

**Motion in Limine Nos. 4 and 5** seek to bar any claims about the lawfulness of the arrest and the landlord tenant dispute that led to the arrest.   The unopposed motions are GRANTED.

Date:   12/17/13                                                            /s/Arlander Keys